UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JEREMY WINE,

        Petitioner,

  v.                                        Case No. 08-C-215

ROBERT HUMPHREYS,

        Respondent.

**ORDER**

On March 11, 2008, Jeremy Wine filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. In 2003, petitioner was convicted in La Crosse County Circuit Court.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Title 28 U.S.C. § 2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA), states that an application for writ of habeas corpus by a person in custody for a state conviction must be filed within one year of the latest of (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B)

the date an unlawful impediment to filing a petition is removed; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if newly recognized; or (D) the date on which the factual predicates of the claim could have been discovered through the exercise of due diligence. The time period is suspended, however, during the pendency of any properly filed motions for post-conviction relief. 28 U.S.C. § 2244(d)(2).

According to the petition, which is hand-written rather than on the preferred § 2254 form, Wine was convicted of several offenses in June 2003 as the result of a plea. Wine states that he appealed, but those appeals pertained to several post-conviction motions for relief he filed at a date not specified in the petition. According to the recent Wisconsin Supreme Court decision denying him relief, however, Wine did not file these post-conviction motions until October and November 2005, some two and one-half years after his conviction. It thus appears that well over one year had passed before any post-conviction motions had been filed. As such, it appears likely that Wine's federal one-year statute of limitations ran out at some point in 2004 because his conviction had become final upon the expiration of direct review and there were no properly filed post-conviction motions until the fall of 2005.

Accordingly, petitioner is **ORDERED** to show cause, within 21 days, why this case should not be dismissed as time-barred under 28 U.S.C. § 2244(d)(1). *Day v. McDonough*, 126 S. Ct. 1675, 1684 (2006). If petitioner fails to respond within 21 days, his petition will be dismissed with prejudice.

Dated this \_\_\_13th\_\_\_ day of March, 2008.

      s/ William C. Griesbach
      William C. Griesbach
      United States District Judge