UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JEREMY WINE,

        Petitioner,

  v.                                                  Case No. 08-C-215

ROBERT HUMPHREYS,

        Respondent.

**ORDER**

On March 11, 2008, Jeremy Wine filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Pursuant to *Day v. McDonough*, 126 S. Ct. 1675, 1684 (2006), the petitioner was ordered to show cause why his petition should not be dismissed for untimeliness. From the face of the petition and the state court's discussion of his claims, it appeared likely that his federal petition was untimely by several years. 28 U.S.C. § 2244(d). The petitioner has responded to the show-cause order by claiming that between his 2003 conviction and late 2005, when he finally began filing post-conviction motions, he had received numerous extensions of time from the state courts and was actively pursuing his post-conviction remedies. Further, he had been engaged in a dispute with one of his attorneys, which might have added to the delay.

It is not possible from petitioner's response to conclude whether the petition is timely. The letter from his attorney, which he has attached, suggests that no action had occurred in his case between December 2004, when counsel's motion to withdraw was granted, and late 2005, when the

petitioner apparently began filing his own motions *pro se*. It is also unclear why or how the petitioner would have received some two years' worth of extensions of time in which to file post-conviction motions, and it is further questionable whether such motions for extensions of time constitute "properly filed applications" for post-conviction relief when the actual applications for relief were not actually filed until much later. 28 U.S.C. § 2244(d)(2); *Howell v. Crosby,* 415 F.3d 1250, 1251 (11th Cir. 2005) ("It is undisputed that Howell's motion for an extension of time did not meet the criteria of section 2244(d)(2) as a 'a properly filed application' for postconviction relief.")

Petitioner also argues that equitable tolling should apply because his lawyer did not send him his file until late in 2005, but "attorney negligence is not a basis for equitable tolling, especially when the petitioner cannot establish his own diligence in ascertaining the federal habeas filing deadline." *Id.* Again, however, the issue has not been fully briefed and it would therefore be premature to address it now.

A final preliminary issue arises upon review of the state court of appeals' decision, 2008 WI App 1, 743 N.W.2d 167 (Wis. Ct. App. 2007.) There, the court of appeals dismissed most of petitioner's numerous claims because the petitioner had failed to raise the issues in earlier appeals or post-conviction motions, as required by *State v. Escalona-Naranjo,* 185 Wis.2d 168, 178, 517 N.W.2d 157 (1994). It thus appears that the petitioner faces a likely finding of procedural default in this federal habeas action (assuming the action is found to be timely). As for claims the court of appeals did not find barred under *Escalona*, these related to the petitioner's § 974.07 petition for DNA testing. It seems doubtful that the state court's treatment of a state-law procedure for requesting post-conviction DNA tests implicates any federal constitutional principles that would justify federal habeas relief. 28 U.S.C. § 2254(a). And even if it did, the state court's treatment of the issue appears wholly sound, as petitioner was not convicted based on physical evidence but

2

rather on eyewitness testimony. Moreover, the nature of the crime charged was such that it would not even have produced DNA evidence (either exculpatory or inculpatory).

Because it appears that substantial procedural issues exist, I will direct the state to respond only to the issues set forth above: timeliness, procedural default, and any claims, such as the DNA claims described above, that may not be defaulted. If the petitioner can overcome those hurdles, further briefing on the merits of any valid claims will be ordered.

**THEREFORE, IT IS ORDERED** that respondent shall either file a brief addressing the issues set forth above and stating whether dismissal may be warranted on any or all of those grounds.[1] Respondent's brief shall be due April 25, 2008; the petitioner may file a reply by May 16, 2008.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent. Until respondent files his or her answer, these copies should be sent to Gregory Weber at the address below.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent and to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

This district's form regarding magistrate judge jurisdiction should be included with copies of this order and returned by the parties as directed on that form.

Dated this ___25th___ day of March, 2008.

        s/ William C. Griesbach
        William C. Griesbach
        United States District Judge

---

[1] If there are additional or alternative procedural reasons for dismissal, the respondent is not barred from raising them. The goal of this approach is to preclude the need for extensive briefing on the merits if sound procedural reasons exist for dismissal.